**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: | : | Case No.: 21-50145 |
| | : | |
| Sean P. Olbrych | : | Chapter 13 |
|     Debtor | : | |
| | : | |
| Sean P. Olbrych | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Shaw Growth Ventures Inc. | : | |
|     Respondent | : | |
| Roberta Napolitano | : | |
|     Trustee | : | May 16, 2023 |

**AMENDED**
**MOTION FOR ORDER DECLARING LIEN SATISFIED**

The Debtor moves pursuant to Bankr. Rule 5009(d) and pursuant to 11 U.S.C. §506(d) for an Order declaring the lien held by Shaw Growth Ventures Inc. ("Shaw") void.

**A.** **Procedural Background**

The Debtor filed his Chapter 13 case on March 5, 2021 and has paid substantial sums of money to the Trustee. These were paid pursuant to prior plans on file which at that time provided for payment to Shaw to cure on presumed arrearages. Presently a large surplus of funds is being held by the Chap. 13 Trustee and accordingly the Debtor filed and the Court granted a motion to suspend pre-confirmation payments.

Thereafter the Debtor filed a series of objections to claims filed by Shaw. The objections were sustained. As a result Shaw has no allowed claim in this case.

At the last scheduled confirmation hearing Shaw indicated that it intended to move for stay relief although the legal basis for doing so was not specified given the

total absence of an allowed claim in this case.  The Debtor submits that filing such a motion is meritless.

The Debtor now seeks an Order declaring Shaw's mortgage lien void based on the alternate theories set forth below.  These are:

1. Shaw has no claim and therefore its lien secures nothing and serves no purpose. The Debtor's Plan provides for its release and thus an Order should enter declaring the lien void.

2. A secured creditor which is unable to calculate its interest or calculate it accurately can have its entire claim invalidated.

3. A creditor which files a proof of claim which is then disallowed will then have its lien voided under § 506(d).

B. **Shaw's claim was disallowed and thus its mortgage lien secures no debt; hence it should be declared satisfied.**

No doubt exists regarding Shaw's disallowed claim.  See ECF # 161.00.  Shaw's claim was totally disallowed and no sums are owed to it.

However, Shaw still holds a mortgage of record as a lien against the Debtor's property located at 83 N. Sound Beach Avenue, Riverside, CT.  That lien secures nothing.  It is a legal nullity and merely a cloud on the title.

Therefore, it is appropriate for an Order to enter declaring the secured claim satisfied and that the lien should be released or declared void.  The fact that Shaw's purported secured claim was disallowed (after 3 amenbdments) is tantamount to its satisfaction.  The net effect is the same; Shaw has no claim and is owed nothing.

Shaw's expressed intent to seek stay relief underscores the need for this order.

Shaw believes it still holds an enforceable lien which it can foreclose in state court despite the disallowance of its claim. Although Shaw's position is in error, this will cause significant confusion and uncertainty for the Debtor. At some point, after confirmation, this case will close and the stay will terminate. Unless Shaw's lien has been released or voided by Court order Shaw will seek to enforce it which will cause tremendous confusion.

The clear remedy is the entry of an Order pursuant to Rule 5009(d) declaring the secured claim satisfied and for the lien to be released or Ordered void.

**C.    Shaw has been unable to calculate or properly calculate its claim and therefore it has no debt to enforce under any circumstances.**

This argument is a subset of the previous section. Shaw has had at least three chances to properly calculate its claim in this case and it has failed each time. If it cannot determine what its claim is, pursuant to governing law and regulations, then it has no debt to enforce.

**D.    Pursuant to § 506(d), the disallowance of Shaw's claim establishes the basis to void its lien.**

Circuit Court authority existed directly on point. HSBC Bank USA, Nat'l Ass'n v. Blendheim (*In re Blendheim*), 803 F.3d 477 (9th Cir. 2015) the Court held that the lien filed on the Debtor's residence was properly voided under § 506(d) on the basis that its entire claim had been disallowed. The Debtor's argument was based specifically on § 506(d). That section provides:

> To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless - (1) such claim was disallowed on under

section 502(b)(5) or 502(e) of this title; or (2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

The Ninth Circuit held that the bankruptcy court properly voided the lien. Under the plain language of the introductory clause of § 506(d), HSBC's lien was void because it secured a claim that was disallowed. Although a creditor may decline to participate in a bankruptcy case, and its lien may ride through the bankruptcy unaffected, "where a claim is timely filed and objected to," and ultimately disallowed, the lien becomes void. The Ninth Circuit recognized an exception, reflected in the decisions of other circuits, where a claim is disallowed solely because it was not timely filed. In that situation, the lien is not void. But, under the Ninth Circuit's Blendheim decision, if a secured creditor's claim is disallowed for any reason other than (1) untimeliness, or (2) the exceptions listed in section 502(d), the lien associated with the disallowed claim is void.

"Looking at the main text of the provision, § 506(d) authorizes the voiding of liens securing claims that have been deemed "not an allowed secured claim." The most straightforward reading of the text suggests that if a creditor's claim has not been "allowed" in the bankruptcy proceeding, then "such lien is void." "Void" means "[o]f no legal effect" or "null." Black's Law Dictionary (10th ed.2014). Accordingly, Congress's language appears unequivocal: § 506(d)'s clear and manifest purpose is to nullify a creditor's legal rights in a debtor's property if the creditor's claim is "not allowed," or disallowed. The Supreme Court's decision in Dewsnup v. Timm, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), confirms this interpretation... The Court reasoned that its reading "gives the provision the simple and sensible function of voiding a lien

whenever a claim secured by the lien itself has not been allowed" and "ensures that the Code's determination not to allow the underlying claim against the debtor personally is given full effect by preventing its assertion against the debtor's property." Id. at 415-16, 112 S.Ct. 773. Dewsnup's holding clarifies that § 506(d)'s voidance mechanism turns on claim allowance. See Bank of America, N.A. v. Caulkett, --- U.S. ----, 135 S.Ct. 1995 1999, 192 L.Ed.2d 52 (2015) (affirming *Dewsnup's* interpretation of § 506(d) in the context of wholly underwater liens; "Because the Bank's claims here are both secured by liens and allowed under § 502, they cannot be voided under the definition given to the term `allowed secured claim' by *Dewsnup*"); see also 4 Collier on Bankruptcy ¶ 506.06[1][a] ("[*Dewsnup*] determined that section 506(d) does not void liens on the basis of whether they are secured under section 506(a), but on the basis of whether the underlying claim is allowed or disallowed....")... The Blendheims argue, and the bankruptcy court concluded in its hearing on the Blendheims' motion for summary judgment, that if a claim is disallowed, then under § 506(d) and consistent with Dewsnup, the claim's associated lien is void. We agree.  Although voiding HSBC's lien upon disallowance may seem a harsh consequence, we find that Congress directed such an outcome under § 506(d). Because HSBC's claim was disallowed, § 506(d) leaves HSBC with "a claim against the debtor that is not an allowed secured claim," and therefore its lien is void.  HSBC Bank USA, Nat'l Ass'n v. Blendheim (In re Blendheim), 803 F.3d 477, 489-490  (9th Cir. 2015)... "We therefore affirm the bankruptcy court's conclusion that § 506(d) authorized the voidance of HSBC's lien. These facts present a straightforward application of § 506(d)'s textual command." Blendheim, supra, 803 F.3d 477, 491 (9th Cir. 2015).

The case at bar is controlled by this straight forward application of the statutory language in Sec. 506(d) and US. Supreme Court authority. Once a claim hs been timely filed and disallowed it follows that a lien securing it should be voided. See also other similar rulings on lien avoidance under Sec 506(d) as requiring that a claim be disallowed in order for the lien securing that claim to be voided. <u>In re Wolf</u>, 58 B.R. 354, 356 (Bankr.N.D.Ohio 1986) ("Section 506(d) requires a secured claim to be disallowed as a prerequisite to avoidance of the lien . . . [a] lien cannot be voided under Section 506, therefore, unless the claim has been disallowed ...."); <u>In re Simmons,</u> 765 F.2d 547, 556 (5th Cir. 1985); <u>In re Hermansen,</u> 84 B.R. 729, 734 (Bankr. D. Colo. 1988); <u>In re Schneider,</u> 37 B.R. 115, 118 (Bankr. E.D.N.Y. 1984); <u>In re Nefferdorf</u>, 26 B.R. 962, 965 (E.D. Pa. 1983).

In the case at bar, none of the subsections in Sec 506(d) apply. Consequently the black letter law mandates the avoidance of Shaw's lien.


                              THE DEBTOR/MOVANT,

                              BY:   /s/ James M. Nugent
                                    James M. Nugent    ct08822
                                    Harlow, Adams & Friedman, P.C.
                                    One New Haven Avenue, Suite 100
                                    Milford, CT 06460
                                    Tele No. (203) 878-0661
                                    Fax No. (203) 878-9568
                                    Jmn@quidproquo.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Case No.: 21-50145 |
| | : | |
| Sean P. Olbrych | : | Chapter 13 |
|    Debtor | : | |
| | : | |
| Sean P. Olbrych | : | |
|    Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Shaw Growth Ventures Inc. | : | |
|    Respondent | : | |
| Roberta Napolitano | : | |
|    Trustee | : | Re: Doc ID No. |

## **ORDER ON DECLARING LIEN SATISFIED**

The motion of Sean P. Olbrych (the "Debtor/Movant") having come before this Court, ECF No. ___, seeking an Order declaring lien satisfied, it is hereby ORDERED,

GRANTED    /    DENIED

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re: | : | Case No.: 21-50145 |
| | : | |
| Sean P. Olbrych | : | Chapter 13 |
|     Debtor | : | |
| | : | |
| Sean P. Olbrych | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Shaw Growth Ventures Inc. | : | |
|     Respondent | : | |
| Roberta Napolitano | : | |
|     Trustee | : | May 16, 2023 |

## NOTICE OF CONTESTED MATTER RESPONSE DEADLINE

Sean P. Olbrych, (the "Debtor/Movant") has filed a Motion for Order Declaring the Lien Satisfied, (the "Contested Matter") with the U.S. Bankruptcy Court. Notice is hereby given that any response to the Contested Matter must be filed with the Court no later than May 30, 2023*. In the absence of a timely filed response, the proposed order in the Contested Matter may enter without further notice and hearing, see, 11 U.S.C. § 102(1).

                THE DEBTOR/MOVANT,

        BY:    /s/ James M. Nugent
                James M. Nugent    ct08822
                Harlow, Adams & Friedman, P.C.
                One New Haven Avenue, Suite 100
                Milford, CT 06460
                Tele No. (203) 878-0661
                Fax No. (203) 878-9568
                jmn@quidproquo.com

*Pursuant to Federal Rule of Bankruptcy Procedure 9006(f), if service is made by mail, three days are added after the response date set in this notice.

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: | : | Case No.: 21-50145 |
| | : | |
| Sean P. Olbrych | : | Chapter 13 |
|     Debtor | : | |
| | : | |
| Sean P. Olbrych | : | |
|     Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Shaw Growth Ventures Inc. | : | |
|     Respondent | : | |
| Roberta Napolitano | : | |
|     Trustee | : | May 16, 2023 |

## **CERTIFICATION**

The undersigned (the "Debtor/Movant") hereby certifies that May 16, 2023, in accordance with applicable provisions of the Federal Rules of Bankruptcy Procedure 2002 and 7004, the following have been served upon all parties entitled to notice: (1) a copy of the Contested Matter; (2) a copy of the proposed Order; and (3) Notice of Contested Matter Response Deadline, on the following:

*Via Electronic Notice of Filing*

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Roberta Napolitano
notices@ch13rn.com, rnapolitano13@ecf.epiqsystems.com

Patrick Crook on behalf of Trustee Roberta Napolitano
pcrook@ch13rn.com

Francis J. Browne on behalf of Creditor William Calyanis
fjbrownelaw@gmail.com

Linda Clifford Hadley on behalf of Creditor Liberty Bank
lhadley@sgllawgroup.com

Sean P Olbrych
seanolbrych@ymail.com

George C. Tzepos on behalf of Creditor Shaw Growth Ventures, Inc.
zepseven@sbcglobal.net

-9-

*<u>Via First Class Mail</u>*

Synchrony Bank
c/o PRA Receivables Management, LLC
Attn: President/Officer
P.O. Box 41021
Norfolk, VA 23541

The Law Offices of Neil Crane, LLC
Attn: President/Officer
2679 Whitney Avenue
Hamden, CT 06518

                        THE DEBTOR/MOVANT,

            BY:   /s/ James M. Nugent
                   James M. Nugent    ct08822
                   Harlow, Adams & Friedman, P.C.
                   One New Haven Avenue, Suite 100
                   Milford, CT 06460
                   Tele No. (203) 878-0661
                   Fax No. (203) 878-9568
                   jmn@quidproquo.com