## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| In Re | ) | Case No.  21-50145 |
| | ) | |
| SEAN P. OLBRYCH | ) | Chapter 13 |
| | ) | |
| Debtor(s) | ) | |
| | ) | |

| | | |
|---|---|---|
| SEAN P. OLBRYCH | ) | |
| Movant | ) | |
| | ) | |
| VS. | ) | |
| | ) | |
| SHAW GROWTH VENTURES, INC. | ) | |
| | ) | |
| Respondent | ) | |
| ROBERTA NAPOLITAN | ) | |
| Trustee | ) | May 30, 2023 |

### <u>OBJECTION TO AMENDED MOTION FOR ORDER DECLARING LIEN SATISFIED</u>

Shaw Growth Ventures Inc. ("Respondent") hereby objects to the Debtor's Motion pursuant to 11 U.S. C. Section 506(d) for an Order declaring the lien held by Shaw Growth Ventures Inc. void based upon the following grounds of both substantive and procedural laws. The Respondent contends the following:

1. Any relief to be afforded pursuant to 11 USC, Section 506(d) seeking to void a disallowed Secured Proof of Claim filed by Respondent can not be afforded to the Debtor based upon a FRBP, Rule 9014 Contested Matter proceeding but only by way of an Adversary Proceeding initiated in accordance with FRBP, Rule 7001, to the extent the relief requested relates to the validity, priority and/or extent of a lien. As such the amended motion filed herein requesting such relief by way of Doc. #190 must be denied as a matter of Bankruptcy Procedural Law.

2. The Debtor likewise requests relief in accordance with FRBP, Rule 5009 *"Closing Chapter 7, Chapter 12, Chapter 13, and Chapter 15 Cases; Order Declaring Lien Satisfied"* although the latest filed Chapter 13 Plan has not yet been confirmed, the Lien in question is being challenged pursuant to Section 506(d) and therefore can not be deemed to be satisfied, nor does the debtor allege that a valid claim was due and owing as has been or will be paid in accordance with the terms of a confirmed plan. Relief pursuant to this Rule is not yet ripe nor would it be appropriate in light of the argument that said claim should be avoided pursuant to Section 506(d) which can only be prosecuted by way of a properly commenced and prosecuted Adversary Proceeding in accordance with FRBP, Rule 7001.

3. Further, even if a motion under FRBP, Rule 5009 would be appropriate said Rule requires that any such motion seeking a declaration of a lien as deemed satisfied must be served on all parties in accordance with Rule 7004 in the form and fashion required for the commencement of Adversary Proceedings. The instant motion at Doc. #190 was only served as a Contested Matter Proceeding in accordance with Rule 9014. Until such time as such a Rule 5009 motion is served as required this court may hear the case and grant any such relief requested there under as a result of the defective service of process.

4. The Debtor takes up inconsistent legal arguments in this matter by first alleging that the Respondent's various claims filed are a legal nullity and therefore should not be paid, hence satisfied. But then he goes on to argue that the claim should be treated as being cured and reinstated for purposes of plan confirmation purposes pursuant to Section 1322(b)(5) thus allowing the Debtor to start making regularly scheduled monthly payments as if a default never occurred. Despite these two inherent inconsistent requests for relief he then insists that a as matter of law that Rule 5009(d) allows for an order of this Court declaring that said lien has been "satisfied". How is this possible? If Section 506(d) relief is granted in the future should the Debtor commence an Adversary Proceeding then the lien is avoided and no such claim exists to be deemed "satisfied". In short, the relief afforded by Section 506(d) is logically and substantively inconsistent with the relief to be afforded to a Debtor pursuant to FRBP, Rule 5009(d).

5. Any such relief requested under this Amended Motion ( Doc. Id#190) must be summarily denied as it pertains to FRBP, Rule 5009(d) for the reasons stated above.

6. Any such relief requested herein in accordance with Section 506(d) must likewise be summarily denied for the reasons stated herein since the Debtor has not sought such relief pursuant to a FRBP, Rule 7001 Adversary Proceeding.

7. The Respondent has other remedies available to it which can be sought prior to this Court's ruling on any Adversary Proceeding commenced pursuant to Rule 7001 by way of the following:

a. Should this Honorable Court find that the previously filed POC's by the Respondent were in fact a "nullity" as suggested by the Debtor then, in effect, the Respondent can logically and legally argue that the exception noted under Section 506(d)(2) for simply failing to file a timely POC may indeed be implicated and therefore no relief can issue to avoid the Respondent's Mortgage Lien. In effect, if the previously filed POC's are to be deemed to be a legal nullity, as suggested by the Debtor, then one can reason that avoidance relief afforded under Section 506(d) can not enter.

b. The Respondent may also seek relief by way of a Rule 9014 Motion under FRBP, Rule 3006 for permission to withdraw any and all previously filed proof of claims, should this Honorable Court find good cause for granting such relief. The granting of any such motion under Rule 3006 will moot this present controversy and allow the Respondent to rely on its rights under State Law and to by-pass seeking any payment on its claim in the instant Chapter 13 proceeding, as is every secured creditor right to do so.

c. Relief under FRBP, Rule 5009(d) is not yet ripe for other reasons than those stated above. In essence, since the Debtor's Plan of Repayment has not yet been confirmed then the binding effect of a confirmed plan under Section 1327(a-c) is not yet implicated. As such, any potential relief afforded by Section 1327 in this regard has not occurred and therefore can't be used as a basis for relief, if even legally relevant to the current Amended Plan pending confirmation.

d. Why can't the Respondent simply file an amended POC providing the Debtor with all information required by FRBP, Rule 3001 and any Official Form required to be used for a POC, as mandated by Congress? It does not appear that this Honorable Court has issued any ruling prohibiting or limiting the Respondent from filing another amended POC to set forth a claim ( "right to payment") consistent with Section 101(5) Definitions of Title 11. Further, the undersigned is not aware of any relevant Rule of Bankruptcy Procedure, whether National or Local, which prohibits the Respondent from filing an amended POC.

e. There still exists a very significant legal issue yet to be heard and decided which arises from the very well known and highly relevant legal precedent of the **Rooker -Feldman Doctrine.** How can this Honorable Court implicate Section 506(d) to avoid a disallowed "secured claim" if said claim has already been validated by the Superior Court for the State of Connecticut in a final judgment of foreclosure which has not been either set aside nor successfully appealed? A copy of the Final Judgments granted in the foreclosure action against the Debtor's property in question are attached in historical order (the last Order being September 22, 2020 which Ordered a Foreclosure by Sale with a sale date of March 20, 2021) and marked as Exhibit A and herein incorporated by reference and made a part hereof. It is commonly understood and accepted that the U.S Bankruptcy Court can not act as an Appeals Court to undo factual and legal findings made by a State Court of competent jurisdiction here in Connecticut or from any other State.

f. Finally, should the Respondent feel that it would be appropriate and in good faith to do so, it may also consider filing a Rule 9014 Motion in accordance with FRBP, Rule 9024 **Relief from Judgment or Order** relative to the previously docketed orders disallowing the proof of claims as filed by the Respondent for the various reasons set forth and discussed above.

8. In short, any relief to be afforded to the Debtor under Section 506(d) per his discussion of the In re Blendeim case from the 9th Circuit Court of Appeals must necessarily turn on this Honorable Court making a finding of Law that for some particular reason consistent with the Laws of the State of Connecticut the Respondent's right to payment, whether as a secured or

unsecured claim, has been found to be legally deficient and therefore not subject to collection. The Debtor has not set forth any legal basis under State Law that could have been or was successfully raised as defense to foreclosure of the Respondent's Mortgage Lien predicated on the fact that it was simply no longer enforceable under either State of Connecticut Law or some other non-Bankruptcy Federal Law(s).

Wherefore, based upon the legal and factual arguments set forth above the Respondents respectfully request that the Debtor's Amended Motion filed at Doc. ID #190 be denied in its entirety and no further relief in behalf of the Debtor relative to the secured claim of the Respondent be withheld until such time as a Rule 7001 Adversary Proceeding is commenced and served in accordance with FRBP, 7004.

Dated at Middlebury, Connecticut this 30th day of May, 2023.

Shaw Growth Venture, Inc.

BY:

George C. Tzepos, Esquire
Law Offices of George C. Tzepos
444 Middlebury Road
Middlebury, Connecticut  06762
(203) 598-0520
zepseven@sbcglobal.net
Bar No. ct00580

ORDER   431197

DOCKET NO: FSTCV176030896S

ASTORIA BANK
 V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

SUPERIOR COURT

JUDICIAL DISTRICT OF STAMFORD
 AT STAMFORD

11/19/2018

## ORDER

ORDER REGARDING:
11/07/2018 123.00 MOTION FOR JUDGMENT-STRICT FORECLOSURE

The foregoing, having been considered by the Court, is hereby:

ORDER:

Notice of Judgment of Foreclosure by Sale
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website and include a picture of the property in the newspaper ad. The appraiser is ordered to do an interior appraisal of the property.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: $5,315.00
Total: $436,137.20
Appraisal Fee: $350.00
Title Search Fee: $225.00
Fair Market Value: $1,100,000.00

The Sale Date is: Saturday, June 22, 2019
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT 06512
Return of Appraisal by: Wednesday, June 12, 2019
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Wednesday, May 08, 2019
Sign to be posted no earlier than : Thursday, May 23, 2019
Sign to be posted no later than : Sunday, June 02, 2019

Publication in Greenwich Time on: 6/14/2019, 6/21/2019
Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD, CT 06120
Copies sent Thursday, December 06, 2018 to:
MCCALLA RAYMER LEIBERT PIERCE LLC; MARK SANK & ASSOCIATES LLC; SEIGER GFELLER LAURIE LLP; SEAN P OLBRYCH AKA OLBYRCH, SEAN;ALLAN P CRAMER (committee);Louis Buccini(appraiser)

FSTCV176030896S   11/19/2018                                                          Page 1 of 2

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Amy Melashvili

ORDER   431197

DOCKET NO: FSTCV176030896S

SUPERIOR COURT

ASTORIA BANK
 V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

JUDICIAL DISTRICT OF STAMFORD
 AT STAMFORD

5/28/2019

## ORDER

ORDER REGARDING:
05/20/2019 137.00 MOTION TO OPEN JUDGMENT

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Notice of Judgment of Foreclosure by Sale (as opened and modified)
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website and include a picture of the property in the newspaper ad. The appraiser is ordered to do an interior appraisal of the property.
Once the tenant moves in the defendant is to submit an application for retention. If the defendant does not submit the application or it is denied after a good faith review the court may hear a motion by the plaintiff to shorten the sale date.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: $5,315.00
Total: $436,137.20
Appraisal Fee: $350.00
Title Search Fee: $225.00
Fair Market Value: $1,100,000.00

The Sale Date is: Saturday, December 14, 2019
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT 06512
Return of Appraisal by: Wednesday, December 04, 2019
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Wednesday, October 30, 2019
Sign to be posted no earlier than : Thursday, November 14, 2019
Sign to be posted no later than : Sunday, November 24, 2019

Publication in Greenwich Time on: 12/6/2019, 12/13/2019
Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD, CT 06120
Copies sent Wednesday, May 29, 2019 to:
ALLAN P CRAMER(committee);Louis Buccini(appraiser)

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Scott Abel

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO: FSTCV176030896S

SUPERIOR COURT

ORDER    080812

ASTORIA BANK
V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

JUDICIAL DISTRICT OF STAMFORD
    AT STAMFORD

11/25/2019

## ORDER

ORDER REGARDING:
11/13/2019 166.00 MOTION TO OPEN JUDGMENT AND EXTEND THE SALE DATE

The foregoing, having been considered by the Court, is hereby:

ORDER: GRANTED

Notice of Judgment of Foreclosure by Sale (as opened and modified)
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website and include a
picture of the property in the newspaper ad. The appraiser is ordered to do an interior appraisal of the
property.
Once the tenant moves in the defendant is to submit an application for retention. If the defendant does
not submit the application or it is denied after a good faith review the court may hear a motion by the
plaintiff to shorten the sale date.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: $5,315.00
Total: $436,137.20
Appraisal Fee: $350.00
Title Search Fee: $225.00
Fair Market Value: $1,100,000.00

The Sale Date is: Saturday, February 29, 2020
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for
Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT
06512
Return of Appraisal by: Wednesday, February 19, 2020
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Wednesday, January 15, 2020
Sign to be posted no earlier than : Thursday, January 30, 2020
Sign to be posted no later than : Sunday, February 09, 2020

Publication in Greenwich Time on: 2/21/2020, 2/27/2020
Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD,
CT 06120
Copies sent Monday, November 25, 2019 to:
MCCALLA RAYMER LEIBERT PIERCE LLC; MARK SANK & ASSOCIATES LLC; SEIGER

GFELLER LAURIE LLP; SEAN P OLBRYCH AKA OLBYRCH, SEAN; ALLAN P CRAMER (committee):Louis Buccini(appraiser)

Judicial Notice (JDNO) was sent regarding this order.

080812

Judge: A WILLIAM MOTTOLESE
Processed by: Amy Melashvili

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193e of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO: FSTCV176030896S

ORDER   089998

SUPERIOR COURT

ASTORIA BANK
  V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

JUDICIAL DISTRICT OF STAMFORD
  AT STAMFORD

2/24/2020

## ORDER

ORDER REGARDING:
01/29/2020 178.00 MOTION TO OPEN JUDGMENT AND EXTEND THE SALE DATE

The foregoing, having been considered by the clerk, is hereby:

ORDER:

See order 179.01

Judicial Notice (JDNO) was sent regarding this order.

089998
_____

BY THE CLERK
Processed by: Jonathan Bubar

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER 434443

DOCKET NO: FSTCV176030896S                    SUPERIOR COURT

ASTORIA BANK                                  JUDICIAL DISTRICT OF STAMFORD
    V.                                            AT STAMFORD
OLBRYCH, SEAN P. AKA OLBYRCH
SEAN Et Al                                    2/18/2020

## ORDER

ORDER REGARDING:
01/29/2020 179.00 MOTION FOR JUDGMENT

The foregoing, having been heard by the Court, is hereby:

ORDER: GRANTED

Notice of Judgment of Foreclosure by Sale (as opened and modified)
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website and include a picture of the property in the newspaper ad. The appraiser is ordered to do an interior appraisal of the property.
Once the tenant moves in the defendant is to submit an application for retention. If the defendant does not submit the application or it is denied after a good faith review the court may hear a motion by the plaintiff to shorten the sale date.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: $5,315.00
Total: $436,137.20
Appraisal Fee: $350.00
Title Search Fee: $225.00
Fair Market Value: $1,100,000.00

The Sale Date is: Saturday, June 27, 2020
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: $110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT 06512
Return of Appraisal by: Wednesday, June 17, 2020
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Wednesday, May 13, 2020
Sign to be posted no earlier than : Thursday, May 28, 2020
Sign to be posted no later than : Sunday, June 07, 2020

Publication in Greenwich Time on: 6/19/2020, 6/26/2020
Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD, CT 06120
Copies sent Monday, February 24, 2020 to:
ALLAN P CRAMER(committee):Louis Buccini(appraiser)

Judicial Notice (JDNO) was sent regarding this order.

434443

Judge: CHARLES T LEE
Processed by: Jonathan Bubar

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO: FSTCV176030896S

ORDER   431197

SUPERIOR COURT

ASTORIA BANK
  V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

JUDICIAL DISTRICT OF STAMFORD
  AT STAMFORD

6/15/2020

## ORDER

The following order is entered in the above matter:

ORDER:

The foreclosure by sale ordered in this matter is being re-scheduled to prevent a potential gathering of individuals at the auction site.

Accordingly, the Court is opening the judgment sua sponte solely for the purposes of setting a new sale date of August 22, 2020.

The Committee is instructed to incur no additional fees and costs prior to July 15, 2020. It is further ordered that no new appraisal is required for the new sale date and the requirement that the sale be advertised by legal notice in a newspaper is hereby dispensed with. Advertising of the new sale shall only occur on the Judicial Branch's Foreclosure Listing website. The Committee shall remove the foreclosure sign from the premises and inform any potential bidders that the sale has been rescheduled. The Committee is not required to appear at the premises at the date and time of the sale.

Judicial Notice (JDNO) was sent regarding this order.

431197
_____

Judge: ROBERT LOUIS GENUARIO
Processed by: Amy Melashvili

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    431197

DOCKET NO: FSTCV176030896S                SUPERIOR COURT

ASTORIA BANK                              JUDICIAL DISTRICT OF STAMFORD
   V.                                        AT STAMFORD
OLBRYCH, SEAN P. AKA OLBYRCH
SEAN Et Al                                6/15/2020

## ORDER

The following order is entered in the above matter:

ORDER:

The foreclosure by sale ordered in this matter is being re-scheduled to prevent a potential gathering of individuals at the auction site.

Accordingly, the Court is opening the judgment sua sponte solely for the purposes of setting a new sale date of August 22, 2020.

The Committee is instructed to incur no additional fees and costs prior to July 15, 2020. It is further ordered that no new appraisal is required for the new sale date and the requirement that the sale be advertised by legal notice in a newspaper is hereby dispensed with. Advertising of the new sale shall only occur on the Judicial Branch's Foreclosure Listing website. The Committee shall remove the foreclosure sign from the premises and inform any potential bidders that the sale has been rescheduled. The Committee is not required to appear at the premises at the date and time of the sale.

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Amy Melashvili

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER   431197

DOCKET NO: FSTCV176030896S

SUPERIOR COURT

ASTORIA BANK
 V.
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al

JUDICIAL DISTRICT OF STAMFORD
 AT STAMFORD

6/15/2020

## ORDER

The following order is entered in the above matter:

ORDER:

Notice of Judgment of Foreclosure by Sale (as opened and modified)
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website. .
Once the tenant moves in the defendant is to submit an application for retention. If the defendant does not submit the application or it is denied after a good faith review the court may hear a motion by the plaintiff to shorten the sale date.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: $5,315.00
Total: $436,137.20
Appraisal Fee: $350.00
Title Search Fee: S225.00
Fair Market Value: $1,100,000.00

The Sale Date is: Saturday, August 22, 2020
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: S110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT 06512

Return of Appraisal by: no new appraisal
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.

No fees or expenses prior to: Wednesday, July 15, 2020
Sign to be posted no earlier than : Thursday, July 23, 2020
Sign to be posted no later than : Sunday, August 02, 2020

Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD, CT 06120
Copies sent Monday, June 15, 2020 to:
MCCALLA RAYMER LEIBERT PIERCE LLC; MARK SANK & ASSOCIATES LLC; SEIGER GFELLER LAURIE LLP; SEAN P OLBRYCH AKA OLBYRCH, SEAN;ALLAN P CRAMER (committee):Louis Buccini(appraiser)

FSTCV176030896S   6/15/2020

Page 1 of 2

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Amy Melashvili

This document may be signed or verified electronically and has the same validity and status as a document with a physical
(pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services
Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the
Connecticut General Statutes and Connecticut Practice Book Section 4-4.

DOCKET NO: FSTCV176030896S

ASTORIA BANK
  V.
OLBRYCH, SEAN P. AKA OLBYRCH
SEAN Et Al

ORDER   431197

SUPERIOR COURT

JUDICIAL DISTRICT OF STAMFORD
  AT STAMFORD

7/9/2020

## ORDER

The following order is entered in the above matter:

ORDER:

The foreclosure by sale ordered in this matter is being re-scheduled to prevent a potential gathering of individuals at the auction site.

Accordingly, the Court is opening the judgment sua sponte solely for the purposes of setting a new sale date of October 3, 2020.

The Committee is instructed to incur no additional fees and costs prior to August 26, 2020. A new appraisal is required for the new sale date, but the requirement that the sale be advertised by legal notice in a newspaper is hereby dispensed with. Advertising of the new sale shall only occur on the Judicial Branch's Foreclosure Listing website. The Committee shall inform any potential bidders that the sale has been rescheduled. The Committee is not required to appear at the premises at the date and time of the sale that has been rescheduled.

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Jonathan Bubar

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.

ORDER    431197

DOCKET NO: FSTCV176030896S                    SUPERIOR COURT

ASTORIA BANK                                   JUDICIAL DISTRICT OF STAMFORD
    V.                                              AT STAMFORD
OLBRYCH, SEAN P, AKA OLBYRCH
SEAN Et Al                                     9/22/2020

## ORDER

ORDER REGARDING:
08/28/2020 205.00 MOTION TO OPEN JUDGMENT AND EXTEND THE SALE DATE

The foregoing, having been heard by the Court, is hereby:

ORDER: GRANTED

Notice of Judgment of Foreclosure by Sale (as opened and modified)
Property Address: 83 Lancer Road South, Greenwich CT 06878
The Committee is ordered to upload pictures of the property on the Judicial website.
Once the tenant moves in the defendant is to submit an application for retention. If the defendant does
not submit the application or it is denied after a good faith review the court may hear a motion by the
plaintiff to shorten the sale date.

Judgment of Foreclosure by Sale is hereby entered as follows:
Debt: $430,822.20
Attorney Fees: S5,315.00
Total: S436,137.20
Appraisal Fee: $350.00
Title Search Fee: $225.00
Fair Market Value: S1,100,000.00

The Sale Date is: Saturday, March 20, 2021
Terms of the Sale: 12:00 noon on the premises.
Deposit Amount: S110,000.00 Deposit to be paid by bank or certified check only.
Committee Appointed: ALLAN P CRAMER, 38 POST ROAD WEST, WESTPORT, CT 06880
Ordered in accordance with the Statewide Standing Orders(JD-CV-79) and Uniform Procedures for
Foreclosure by Sale Matters(JD-CV-81).
Independent Appraiser: Louis Buccini, Style Appraisal Services, P.O. Box 120611, East Haven, CT
06512
Return of Appraisal by: Wednesday, March 10, 2021
Deposit not required if Plaintiff is the successful bidder. The Plaintiff may submit a bid via fax.
No fees or expenses prior to: Wednesday, February 03, 2021
Sign to be posted no earlier than : Thursday, February 18, 2021
Sign to be posted no later than : Sunday, February 28, 2021

Ad to be posted on Judicial Website.
Plaintiff's Atty: MCCALLA RAYMER LEIBERT PIERCE LLC, 50 WESTON STREET, HARTFORD,
CT 06120
Copies sent Tuesday, September 22, 2020 to:
Louis Buccini(appraiser)

Judicial Notice (JDNO) was sent regarding this order.

431197

Judge: ROBERT LOUIS GENUARIO
Processed by: Jonathan Bubar

This document may be signed or verified electronically and has the same validity and status as a document with a physical (pen-to-paper) signature. For more information, see Section I.E. of the *State of Connecticut Superior Court E-Services Procedures and Technical Standards* (https://jud.ct.gov/external/super/E-Services/e-standards.pdf), section 51-193c of the Connecticut General Statutes and Connecticut Practice Book Section 4-4.