UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| In Re: | Case No.: 21-50145 |
| Sean P. Olbrych<br>Debtor | Chapter 13 |
| Sean P. Olbrych<br>Movant | |
| v. | |
| Shaw Growth Ventures Inc.<br>Respondent<br>Roberta Napolitano<br>Trustee | June 19, 2023 |

**DEBTOR'S REPLY TO OBJECTION
TO MOTION FOR ORDER**

The Debtor replies to Shaw Growth Ventures Inc.'s ("Shaw") objection, ECF No. 192, as follows. The objection is factually and legally incorrect and should be overruled.

1. **Shaw's procedural argument.**

If and to the extent Shaw intends to press its procedural objections the Debtor can promptly commence an adversary proceeding. Bank. Rule 7001(2) does require an adversary proceeding, however the circumstances relevant to the Debtor's case are atypical.

The issue is very narrow and governed specifically by controlling circuit court authority. Shaw filed a Proof of Claim and amended it twice. Its claims were disallowed in full. Therefore its lien is certainly invalid based on circuit court authority. If Shaw insists on its procedural argument the Debtor will commence an adversary promptly.

Shaw also argues that Bank. Rule 5009 is inapplicable due to an erroneous

reading of the service requirements. The rule actually states that a motion under this Rule, ". . . shall be served on the holder of the claim and any other entity the Court designates . . ."

The Debtor served Shaw and the Trustee and no other parties have been designated. Service on "all parties" is not required.

There is no inconsistency in the Debtor relying both on Code § 506(d) and Rule 5009(d). A party can always seek relief in the alternative.

There is no requirement that relief sought under Rule 5009(d) allege the claim was valid nor that it was paid. Rule 5009 does not contain any such language. Shaw did have a claim and filed it but is has been expunged; hence it was satisfied. Therefore, Rule 5009(d) is applicable.

### 2. Shaw's argument in Para. 4 is unclear at best.

The Debtor's Fourth Amended Plan does not seek the reinstatement of Shaw's claim nor is that procedure one capable of being effectuated. The Debtor has posited two alternative methods of seeking relief and if one of them suffices then the other is unnecessary. Shaw's argument in this regard cannot be understood.

### 3. Shaw's alleged "other remedies" do not exist.

Shaw's claims have been disallowed. It is not entitled to a distribution in this case. Shaw cannot rely on the § 506(d)(2) exceptions; they are inapplicable. Section 506(d)(1) is totally irrelevant. § 506(d)(2) is inapplicable because Shaw did file a proof of claim; three of them. This very issue was directly addressed in In re Blendheim, 803 F.3d 477 and the Court concluded that a creditor which filed a Proof of Claim cannot

rely on § 506(d)(2). A party may only rely on that exception of it never filed a claim. Therefore Shaw's argument lack merit.

### 4. Shaw cannot withdraw its claim.

Rule 3006 explicitly states that a creditor cannot withdraw its claim after an objection to it was filed except by court order on notice and motion and pursuant to any terms the Court may impose. Shaw has never sought to do so and Shaw has failed three times to present an allowable claim and no reason exists to think a fourth attempt will be any different. Shaw lacks the unilateral right to withdraw its claim and thus its argument is irrelevant.

### 5. The Debtor submits that the Rooker-Feldman Doctrine is inapplicable under the unique circumstances of this case.

The bankruptcy claims allowance process is not an appeal of some other judgment; it is a mandatory procedure under the Code and Rules if a party wishes to receive a distribution pursant to the Debtor's Plan. Shaw has failed three times to file an allowable claim under bankruptcy law; not under state law. Shaw's reliance on this doctrine is misplaced. Bank. Rule 3002(a), specifies that a creditor must file a claim for one to be allowed, except for certain exceptions not applicable here. Shaw did file claims, all of which were disallowed, hence it has no claim in this case and cannot receive a distribution in the case. That issue is not now before the Court.

However, Shaw holds a lien on the Debtor's property which it could seek to enforce post-bankruptcy. See In re Pajian, 785 F.3d 1161 (7th Cir. 2015) (lien may be enforced post-discharge despite lack of claim). Consequently the Debtor now seeks to address that distinct issue; the Debtor does not now address the issue of the claim at

all. These are two distinct issues and only the issue of the whether its lien will surviveis before the Court.

Hence Shaw's reliance on Rooker-Feldman is misplaced. That doctrine is a jurisdictional challenge to a federal court's ability to alter a final state court judgment.

> The U.S. Supreme Court has examined the role that the Rooker-Feldman doctrine plays in federal court. "Rooker and Feldman exhibit the limited circumstances in which this Court's appellate jurisdiction over state-court judgments, 28 U. S. C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority, e. g., § 1330 (suits against foreign states), § 1331 (federal question), and § 1332 (diversity). In both cases, the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment. Plaintiffs in both cases, alleging federal-question jurisdiction, called upon the District Court to overturn an injurious state-court judgment. Because § 1257, as long interpreted, vests authority to review a state court's judgment solely in this Court, e. g., Feldman, 460 U. S., at 476; Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U. S. 281, 286 (1970); Rooker, 263 U. S., at 416, the District Courts in Rooker and Feldman lacked subject-matter jurisdiction. See Verizon Md. Inc., 535 U. S., at 644, n. 3 ("The Rooker-Feldman doctrine merely recognizes that 28 U. S. C. § 1331 is a grant of original jurisdiction, and does not authorize district courts to exercise appellate jurisdiction over state-court judgments, which Congress has reserved to this Court, see § 1257(a).").
>
> When there is parallel state and federal litigation, Rooker-Feldman is not triggered simply by the entry of judgment in state court. This Court has repeatedly held that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." McClellan v. Carland, 217 U. S. 268, 282 (1910); accord Doran v. Salem Inn, Inc., 422 U. S. 922, 928 (1975); Atlantic Coast Line R. Co., 398 U. S., at 295. .. But neither Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or related question while the case remains sub judice in a federal court. (emphasis added).
>
> Nor does § 1257 stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court. If a federal plaintiff "present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party ..., then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion." GASH Assocs. v. Rosemont, 995 F. 2d 726, 728 (CA7 1993); accord Noel v. Hall, 341 F. 3d 1148, 1163-1164 (CA9 2003)".

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U. S. 280, 293-94 (2005).

The Debtor does not now challenge the state court judgment. The issues now before the Court are rooted solely in bankruptcy law and procedure and rely on relevant circuit court authority interpreting bankruptcy law. The current context is simply a logical follow up to the disallowance of Shaw's claim. In re Blendheim, 803 F.3d 477 (9th Cir. 2015) explains this procedure in clear, unequivocal language previously cited in the Debtor's motion. In essence, a lien which secures no indebtedness should be declared void. This is not an attack on a judgment, it is the consequence of the fact that Shaw choose to participate in this case and failed.

6.  **Shaw voluntarily choose to participate in the claims allowance process and subjected itself to compliance with bankruptcy law.**

Shaw choose to file a series of claims in this case and thus subjected itself to the governing provisions of bankruptcy law. Shaw need not have done so. As a secured creditor it could have declined to file a claim, waited for the Debtor to try to confirm a plan and if he successfully completed it, enforce its lien post-discharge. See Pajian, *supra*. Secured creditors are never required to file a claim and may simply forego the claims process and participation in plan distributions. That is their option.

However, because Shaw choose to file a claim it must comply with bankruptcy law pertaining to the claims allowance process. Shaw failed to comply and its claim was disallowed. A secured creditor who whish to receive distributions under a Chapter 13 Plan must file a valid claim. In re Blendheim, 803 F.3d at 485.

Shaw's voluntary decision to file a claim and its disallowance has consequences

including: its inability to rely on 11 U.S.C. § 506(d)(2); the disallowance of its claim;[1] the entry of an order accordingly declaring its lien void; and generally that Shaw has submitted to Bankruptcy Court jurisdiction.

Shaw cannot now complain that its failure to comply and to successfully file an allowable claim has no adverse consequences in this case, whether based on Rooker-Feldman or same other doctrine. Shaw's argument misses the mark.

WHEREFORE, Shaw's objection should be overruled.

THE DEBTOR/MOVANT,

BY: _____
James M. Nugent    ct08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203) 878-0661
Fax No. (203) 878-9568
Jmn@quidproquo.com

---

[1] It should be noted that Shaw failed to appeal disallowance, which order is final for appeal purposes. In re Walsh Trucking, 838 F.2d 698 (3rd Cir. 1988); In re Wade, 991 F.2d 402, 406 (7th Cir. 1993).

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| In Re: | : | Case No.: 21-50145 |
| | : | |
| Sean P. Olbrych | : | Chapter 13 |
|    Debtor | : | |
| | : | |
| Sean P. Olbrych | : | |
|    Movant | : | |
| | : | |
| v. | : | |
| | : | |
| Shaw Growth Ventures Inc. | : | |
|    Respondent | : | |
| Roberta Napolitano | : | |
|    Trustee | : | June 19, 2023 |

## **CERTIFICATION**

    In accordance with the applicable provisions of the Federal Rules of Bankruptcy Procedure, 2002 and 7004, the undersigned certifies that on June 19, 2023, a copy of the foregoing was served to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

*Via Electronic Notice of Filing*

U. S. Trustee
USTPRegion02.NH.ECF@USDOJ.GOV

Roberta Napolitano
notices@ch13rn.com, rnapolitano13@ecf.epiqsystems.com

Patrick Crook on behalf of Trustee Roberta Napolitano
pcrook@ch13rn.com

Francis J. Browne on behalf of Creditor William Calyanis
fjbrownelaw@gmail.com

Linda Clifford Hadley on behalf of Creditor Liberty Bank
lhadley@sgllawgroup.com

Sean P Olbrych
seanolbrych@ymail.com

George C. Tzepos on behalf of Creditor Shaw Growth Ventures, Inc.
zepseven@sbcglobal.net

*Via First Class Mail*

Synchrony Bank
c/o PRA Receivables Management, LLC
Attn: President/Officer
P.O. Box 41021
Norfolk, VA 23541

The Law Offices of Neil Crane, LLC
Attn: President/Officer
2679 Whitney Avenue
Hamden, CT 06518

 

THE DEBTOR/MOVANT,

BY: _____
James M. Nugent     ct08822
Harlow, Adams & Friedman, P.C.
One New Haven Avenue, Suite 100
Milford, CT 06460
Tele No. (203) 878-0661
Fax No. (203) 878-9568
jmn@quidproquo.com

G:\USERS\TARAA\- nugent\Olbrych\Reply to Objection to Motion for Order\Reply to Objection to Motion for Order.wpd